JAKE MOORE V. THE STATE.

No. 10266. Delivered June 22, 1927.

1.— Sale of Intoxicating Liquor — Evidence — Of Other Sales — Properly Admitted.

Where, on a trial for the sale of intoxicating liquor, the evidence disclosed a sale of pear extract, and appellant defended upon the theory that the extract was not sold as a beverage, but for culinary purposes alone, evidence of numerous sales of the article prior to the presentment of the indictment was probably admissible to combat the defensive theory, but evidence of sales made after the indictment was not admissible.

2.—Same—Charge of Court—On Weight of Evidence—Held Improper.

Where the court instructed the jury as to what condition of facts and circumstances must be present to justify a sale of pear extract, such charge was argumentative, upon the weight of the evidence, and unduly restrictive, and therefore erroneous. The correct issue was whether the article was an intoxicating liquor, or capable of producing intoxication, and whether it was sold for beverage purposes.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for the sale of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant. On subsequent sales being inadmissible, appellant cites Brady v. State, 57 S. W., 647.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—Selling intoxicating liquor is the offense, punishment fixed at confinement in the penitentiary for one year.

In an indictment filed on the 1st day of July, 1925, the appellant was charged with the sale of intoxicating liquor to Dick Hampton on March 25, 1925. Hampton testified to the purchase of five bottles of pear extract on March 25, 1925. There was other testimony that pear extract was an intoxicating beverage. Blankenship, another witness for the state, in his testimony, declared that he was present and cognizant of the transaction in which Hampton made the purchase mentioned in his testimony. Pack, for the state, testified that he had bought many bottles of pear extract from the appellant. The state introduced circumstances tending to show that the appellant was doing considerable business in pear extract. Witnesses testified to a large quantity of bottles about his premises. Appellant introduced testimony controverting these circumstances, and his wife testified that the grocery business which was conducted belonged to her; that the extract was for cooking purposes; that it was bought and sold for culinary purposes alone; that she did not know that it had been sold for drinking as a beverage; that she had never seen any of it sold as a beverage.

The testimony of Hampton and Blankenship to the fact that the sale in question was made was not controverted. The appellant did not testify. His affirmative defense was that the article was not sold as a beverage but for culinary purposes alone. In view of the defensive theory, the evidence of other sales of the pear extract prior to the presentment of the indictment was probably admissible to combat the defensive theory as bearing upon the intent with which the liquor was sold. The testimony, however, of sales after the indictment was clearly imcompetent.

In the charge to the jury there is found the following paragraph:

"Bona fide or genuine extract containing alcohol may be manufactured, possessed, sold or delivered under the law only in cases when it does not requirement the payment of a Federal tax when sold as a beverage, and when it contains no more alcohol than is necessary for the extraction solution, or preservation of the agents contained therein, and when sold in good faith for flavoring or cooking purposes, and not in evasion of the law, as a beverage, and then on the outside of the bottle or container there must be printed in English conspicuously, legibly and clearly the quantity by volume of alcohol in such preparation."

Of this paragraph complaint is made upon the ground that it is unduly restrictive and places upon the appellant a burden which the law does not sanction.

In paragraph 9 of the charge we find the following language:

"Moreover, if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant, Jake Moore, in Erath County, Texas, and on or about the 25th day of March, 1925, did sell to Dick Hampton liquors capable of producing intoxication for beverage purposes, then he would be guilty, although you may believe from the evidence that the solution sold was a legitimate extract under the law as given you in this charge, and you will so find."

The paragraph of the charge last quoted, which is amplified in other subdivisions of the charge, seems to present the correct theory and was properly applicable to the issues involved.    The other paragraph of the charge impresses us as erroneous to a degree that renders it incompatible with a fair trial.    It is argumentative upon the weight of the evidence and unduly restrictive. Whether the article sold was a *bona fide* or *genuine* extract, or how it was labeled is not important as an element of the offense. The language touching the Federal tax and the good faith of the appellant, in the evasion of the law, we think should not have been embraced in the charge.    The true issue was whether the article was an intoxicating liquor or a liquor capable of pro ducing intoxication, and whether it was sold for beverage purposes.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*